UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| OSBERT HUBERTO BONILLA PADILLA,<br>Petitioner,<br>v.<br>TODD BLANCHE, et al.,<br>Respondents. | Case No. 2:26-cv-02467-ART-NJK<br><br>ORDER ADDRESSING POST-RELEASE STATUS REPORTS<br>(ECF Nos. 12, 13) |

On October 2, 2026, the Court issued an order granting Petitioner Osbert Bonilla Padilla's amended habeas petition, instructing Respondents to release Petitioner on October 6, 2026, and ordering a joint status report by October 9, 2026, to certify compliance with the order. (ECF No. 11.)

Petitioner timely filed a status report informing the Court that although he was released, Respondents retained Petitioner's state identification card, placed an electronic ankle monitor on him, and subjected him to numerous conditions of release, including enrollment in ICE's Intensive Supervision Appearance Program ("ISAP") and Alternatives to Detention ("ATD") program. (ECF No. 12.) Petitioner also states that Respondents did not respond to their request to file a joint status report. (*Id.*)

Respondents filed their own status report on October 13, 2026, stating that DHS's exercise of discretion to impose ATD procedures was not prohibited by the October 2 order. (ECF No. 13.) Respondents also contested Petitioner's claim that his Nevada identification card was not returned to him upon release. (*Id.*)

## I. DISCUSSION

"There [is] no question that courts have inherent power to enforce

compliance with their lawful orders[.]" *Shillitani v. United States*, 384 U.S. 364, 370 (1966); *see also United States v. Yacoubian*, 24 F.3d 1, 5 (9th Cir. 1994) (discussing this enforcement power in the immigration context). Exercising this jurisdiction, the Court concludes that the release conditions imposed on Petitioner are unlawful.

The October 2 order granted Petitioner habeas relief and thus ordered Respondents to release Petitioner from detention. (ECF No. 11 at 2.) Beyond physical detention, the Supreme Court has interpreted custody "to encompass circumstances in which the state has imposed 'significant restraints on [a] petitioner's liberty,'" such as by imposing onerous release conditions and restrictions. *Munoz v. Smith*, 17 F.4th 1237, 1241 (9th Cir. 2021) (quoting *Jones v. Cunningham*, 371 U.S. 236, 242 (1963). Respondents' act of unilaterally "imposing [additional] release conditions that substantially interfere with Petitioner['s] liberty, such as electronic monitoring, without having established the reasonableness of those restrictions, by clear and convincing evidence, at a pre-deprivation hearing," is thus unconstitutional under the Fifth Amendment. *Monroy-Castillo v. Blanche*, No. 2:26-cv-02502-RFB-EJY, 2026 WL 2546996, at *6 (D. Nev. Aug. 28, 2026); *Verdugo-Carrasco v. United States*, No. 2:25-cv-02374-CDS-EJY, 2026 WL 1006473, at *1 (D. Nev. Apr. 13, 2026) (affirming that ankle monitoring "carries a liberty implication" and can violate due process rights where arbitrarily imposed); *Cruz Perez v. Blanche*, No. 2:26-cv-00315-RFB-DJA, ECF No. 31, at 10-11 (D. Nev. May 15, 2026) (explaining that ICE and/or DHS cannot unilaterally impose their own release conditions without adequate process).

By granting habeas relief, the Court effectively restored Petitioner to the status quo preceding his March 2026 ICE detention.[1] *Herrera Cordova v. Blanche*, No. 5:26-cv-05266-KES, 2026 WL 2861605, at *8 (C.D. Cal. Sept. 23, 2026)

[1] This Order has no bearing on Petitioner's ongoing removal proceedings, in which he has appealed his order of removal from immigration court. (ECF No. 6 at 4-5.)

("Releasing Petitioner . . . restores the status quo that was in effect before Respondents violated Petitioner's due process rights."); *Semere v. Casey*, No. 3:26-cv-03073-LEK-DDL, 2026 WL 1480805, at *3 (S.D. Cal. May 27, 2026) (ordering the petitioner "immediately release[d] . . . from custody under the same conditions which existed immediately prior to [his unlawful] detention"); *cf. Campbell v. Warden Adelanto ICE Processing Ctr.*, No. EDCV 26-02397-KK-MARx, 2026 WL 2138168, at *3 (C.D. Cal. June 29, 2026) (rejecting the argument that because the court's prior order granting injunctive relief did not specify the conditions of the petitioner's release, the government was permitted to unilaterally impose conditions to which Petitioner had not previously been subjected, including enrollment in the ATD program and electronic ankle monitoring). While the October 2 order references that Petitioner's release must be consistent with standard parole conditions, the record does not reflect that Petitioner was ever placed on parole; in fact, his argument in his amended petition (ECF No. 6) that he is a member of the class established in *Jacobo-Ramirez* indicates that he was *not* released into the country on parole. *See Jacobo-Ramirez v. Noem*, 823 F. Supp. 3d 1182, 1223-24 (D. Nev. Feb. 5, 2026) (defining the criteria for class membership). As the Court noted when initially granting habeas relief, Respondents did not oppose Petitioner's argument regarding class membership or for release. (ECF No. 11.) The record also does not reflect that Petitioner is subject to any release conditions imposed by the immigration court, as Petitioner was denied bond at a previous bond hearing. (ECF No. 6 at 4.)

Petitioner is thus entitled to "the traditional [habeas] remedy of 'unconditional release from custody.'" *Cruz Perez v. Blanche*, No. 2:26-cv-00315-RFB-DJA, ECF No. 31, at 5 (D. Nev. May 15, 2026) (quoting *Harvest v. Castro*, 531 F.3d 737, 741 (9th Cir. 2008)). Moreover, "[t]o ensure that Petitioner's release pursuant to the Court's [October 2] order is not 'rendered meaningless,' it is necessary to enjoin the government from simply re-detaining Petitioner in the

same manner," without the due process to which he is entitled. *Alva Alva v. Kaiser*, No. 25-cv-06676-RFL, 2026 WL 1910135, at *2 (N.D. Cal. July 2, 2026) (quoting *Rodriguez-Acurio v. Almodovar*, 811 F. Supp. 3d 274, 321 (E.D.N.Y. Nov. 28, 2025)); *Monroy-Castillo*, 2026 WL 2546996, at *6 (requiring a pre-deprivation hearing before substantially interfering with the petitioner's liberty through re-detention or the imposition of release conditions).

## II. CONCLUSION

It is therefore ORDERED that Respondents must IMMEDIATELY REMOVE the restraints imposed on Petitioner's liberty at the time of his October 6 release, including electronic ankle monitoring, enrollment in the ISAP and ATD programs, and mandated compliance with restrictions pursuant to these programs, such as submitting to continuous location monitoring and periodic home visits.

It is further ORDERED that Respondents are PROHIBITED from imposing additional release conditions that substantially interfere with Petitioner's liberty, such as re-detention, electronic ankle monitoring, or enrollment in the ISAP and ATD programs, without having established the reasonableness of those restrictions by clear and convincing evidence at a pre-deprivation hearing.

It is further ORDERED that, consistent with the Court's initial grant of habeas relief (ECF No. 11), Respondents must ensure that Petitioner's personal property, including his state identification card, has been returned.

It is further ORDERED that the parties shall file a joint notice of compliance with this Order by October 20, 2026.

Dated this 14th day of October 2026.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE